IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **COURTNEY FRANKLIN, #37472** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv161 |
| | § | |
| **CITY OF PARIS POLICE DEP'T,** | § | |
| **ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Courtney Franklin, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I.  BACKGROUND**

Plaintiff, currently imprisoned in the Texas Department of Corrections, filed the instant civil rights complaint, asserting claims against Defendants City of Paris Police Department ("Paris Police Department") and Lamar County District Attorney Gary Young ("District Attorney Young"). (Dkt. #1). Plaintiff alleges the Paris Police Department and District Attorney Young "committed racial discrimination" against Plaintiff by not allowing him to press charges against white people who have "wronged [him]" and by refusing "to prosecute or even to try to convict" assailants who are white and "committed crimes against [him]." (Dkt. #1, pp. 4, 5). As relief, Plaintiff requests the Court hold the Paris Police Department and District Attorney Young

"accountable for their misconduct of discrimination and violation of [Plaintiff's] civil rights." (Dkt. #1, p. 4).

## II. SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004); *Davis v. Lamar Cnty. Jail*, No. 4:22-cv-612, 2023 WL 3069762, at *1 (E.D. Tex. Mar. 20, 2023), *report and recommendation adopted*, No. 4:22-cv-612, 2023 WL 3060776 (E.D. Tex. Apr. 24, 2023); *Butler v. Tidwell*, No. 4:20-cv-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20-cv-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-cv-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020); *see also Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III.  ANALYSIS

**A.  Paris Police Department is a Non-Jural Entity**

Plaintiff names the Paris Police Department as a defendant in this lawsuit. "A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236,

at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)); *accord Davis*, 2023 WL 3069762, at *2. "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *McGrew*, 2015 WL 3528236 at *6 (citing *Darby*, 939 F.2d at 313-14); *Davis*, 2023 WL 3069762, at *2. The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *Davis*, 2023 WL 3069762, at *2; *see also* Fed. R. Civ. P. 17(b)(3). Because this Court sits in Texas, it must apply Texas law to determine whether the Paris Police Department can be sued. *See Darby*, 939 F.2d at 313; *Davis*, 2023 WL 3069762, at *2.*

The Paris Police Department is a non-jural entity and cannot be sued. *See Darby*, 939 F.2d at 314 ("Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation."); *Purnell v. Denton Police Dep't*, No. 4:21-cv-811-SDJ-KPJ, 2022 WL 19298334, at *3 (E.D. Tex. Dec. 20, 2022) ("The Denton Police Department is a non-jural entity and cannot be sued."), *report and recommendation adopted as modified*, No. 4:21-cv-811-SDJ-KPJ, 2023 WL 2666068 (E.D. Tex. Mar. 28, 2023); *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350, 2020 WL 8484809, at *2 (E.D. Tex. Dec. 14, 2020) ("The general rule is that law enforcement agencies are not separate governmental entities that can be sued.") (brackets and citation omitted), *report and recommendation adopted*, 2021 WL 489633 (E.D. Tex. Feb. 10, 2021); *Jeanty v. TXFM, Inc.*, No. 4:19-cv-366, 2020 WL 5797727, at *3 (E.D. Tex. Aug. 12, 2020) (collecting cases) ("More specifically, federal courts in Texas have found that police departments do not have a jural existence."), *report and recommendation adopted*, 2020 WL 5651636 (E.D. Tex. Sept. 23, 2020); *Stephen v. Palestine Police Dep't*, No. 6:18-cv-652, 2020 WL 2739887, at *10 (E.D. Tex. Jan. 27, 2020) (the plaintiff "cannot sue the City of Palestine Police Department because the police department is a sub-unit of the city; and thus, a non-jural entity lacking the legal

capacity to sue or be sued in its own name"), *report and recommendation adopted*, No. 6:18-cv-00652, 2020 WL 2739606 (E.D. Tex. May 26, 2020); *Rettstatt v. Rochelle*, No. 5:17-cv-39, 2019 WL 2591127, at *2 (E.D. Tex. Apr. 9, 2019) ("Plaintiff also cannot sue the City of Texarkana Police Department because the police department is a sub-unit of the city and thus a non-jural entity lacking the legal capacity to sue or be sued in its own name."), *report and recommendation adopted*, No. 5:17-cv-39, 2019 WL 2578876 (E.D. Tex. June 24, 2019); *Devereaux v. City of Denton*, No. 4:12-cv-73, 2012 WL 5878816, at *4 (E.D. Tex. Sept. 24, 2012) ("The Court agrees that the Denton Police Department is not a separate legal entity and cannot sue or be sued."), *report and recommendation adopted in relevant part*, 2012 WL 5878783 (E.D. Tex. Nov. 21, 2012). Thus, even if the Court takes all of Plaintiff's allegations against the Paris Police Department as true, Plaintiff has failed to state a claim upon which relief can be granted. *See Purnell*, 2022 WL 19298334, at *3.

Furthermore, the Court has found no authority suggesting that the Paris Police Department has been granted jural authority to sue or be sued in its own right and Plaintiff has not alleged that it has been. For that reason, it would be futile to grant Plaintiff an opportunity to replead with respect to the Paris Police Department. Accordingly, Plaintiff's claims against the Paris Police Department should be dismissed with prejudice as frivolous and for failing to state a claim. *See Rhodes v. Lewisville Police Dep't*, No. 4:20-cv-7, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020) ("A plaintiff has the burden of showing that a . . . department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim.") (citation omitted), *report and recommendation adopted*, No. 4:20-cv-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021); *Fuller v. Henderson Cnty., Tex.*, No. 6:16-

cv-1301, 2018 WL 4087559, at *2 (E.D. Tex. Aug. 6, 2018) (dismissing with prejudice plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16-cv-1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018).

### B.  Claims Against District Attorney Young

#### 1.  Official Capacity – Eleventh Amendment Immunity

The Eleventh Amendment immunizes states, their agencies, and state officials acting in their official capacities from "any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010); *Bird v. Fletcher*, No. 9:19-cv-00220-RC, 2020 WL 2951891, at *5 (E.D. Tex. May 1, 2020), *report and recommendation adopted*, No. 9:19-cv-00220-RC, 2020 WL 2944430 (E.D. Tex. June 2, 2020).

To the extent Plaintiff sues District Attorney Young in his official capacity, the claim should be dismissed. The Fifth Circuit has long recognized District Attorneys are state officials entitled to Eleventh Amendment immunity. *See Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677, 680 (5th Cir. 2014) ("We agree with the district court that the Eleventh Amendment shields [the district attorney] from official-capacity liability."); *Brown v. United States Postal Inspection Serv.*, 206 F. Supp. 3d 1234, 1254 (S.D. Tex. 2016) ("[R]egarding the alleged violations of Brown's constitutional rights by the Harris County District Attorney's Office and individual assistant district attorneys, including their failure to file a motion to dismiss the cases against him earlier than they did and to return his property, these prosecutors, who are state actors, are not liable because of the Eleventh Amendment[.]"). Indeed, it is well settled in the Fifth Circuit that district attorneys and assistant district attorneys sued in their official capacities are state officials,

not local, for purposes of liability arising out of their prosecutorial decisions and are therefore entitled to Eleventh Amendment immunity. *Shanafelt v. Off. of the Att'y Gen.*, 213 F.3d 638, 638 (5th Cir. 2000) (per curiam); *Quinn v. Roach*, 326 F. App'x 280, 292-93 (5th Cir. 2009); *see also Spikes v. Phelps*, 131 F. App'x 47, 49 (5th Cir. 2005) ("Texas district attorneys are shielded by Eleventh Amendment immunity for acts performed as state officers in the scope of criminal prosecution[.]"); *Esteves v. Brock*, 106 F.3d 674, 677 n.8 (5th Cir. 1997) (district attorney is protected by the Eleventh Amendment from suit under § 1983 for money damages). Thus, District Attorney Young is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity as a state actor.[1] Accordingly, Plaintiff's claims against District Attorney Young, in his official capacity, is barred by the Eleventh Amendment and should be dismissed without prejudice.[2]

### 2. Individual Capacity – Prosecutorial Immunity

To the extent that Plaintiff's complaint can be construed as asserting claims against District Attorney Young in his individual capacity, the claims are barred by prosecutorial immunity. *Shanafelt*, 213 F.3d 638; *Esteves*, 106 F.3d at 677. A prosecutor enjoys absolute

---

[1] Claims for prospective relief against state officials acting in their official capacities are not barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321-22 (5th Cir. 2008). To the extent Plaintiff seeks prospective relief in the form of an order compelling District Attorney Young to file criminal charges against individuals who have "wronged" Plaintiff, it is impossible. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb Cty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *Tanner v. Angela House*, No. 3:17-cv-2019-L-BK, 2018 WL 4620725, at *4 (N.D. Tex. June 20, 2018), *report and recommendation adopted*, No. 3:17-cv-2019-L-BK, 2018 WL 4621773 (N.D. Tex. July 6, 2018).

[2] Because Eleventh Amendment Immunity deprives the Court of jurisdiction, dismissal should be without prejudice. *See Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017); *Toliver v. Ramsey*, No. 4:20-cv-495-SDJ-CAN, 2021 WL 2878549, at *4 n.4 (E.D. Tex. Apr. 13, 2021), *report and recommendation adopted*, No. 4:20-cv-495, 2021 WL 2856839 (E.D. Tex. July 7, 2021) (citing *Bouchgl v. Tonti Mgmt. Co.*, No. CV 20-2302, 2021 WL 40188, at *3 (E.D. La. Jan. 5, 2021) ("When a court dismisses a case for lack of jurisdiction because the defendant is entitled to Eleventh Amendment immunity, it must do so without prejudice.")).

immunity from suit under § 1983 for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "Acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd*, 31 F.3d at 285. Absolute immunity protects prosecutors from all liability even when they act maliciously, wantonly, or negligently. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985) (holding prosecutors were immune from claims alleging they improperly presented evidence to a grand jury). Additionally, a prosecutor's intent is irrelevant as long as his acts are connected to the initiation and course of a prosecution. *Black v. Burdette*, CV H-20-928, 2020 WL 1333159, at *1 (S.D. Tex. Mar. 21, 2020) (citing *Imbler*, 424 U.S. at 427); *see also Emerson v. Richardson*, 3:20-cv-00705-K-BN, 2020 WL 1942143, at *3 (N.D. Tex. Mar. 27, 2020) ("Prosecutorial immunity . . . applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts."), *report and recommendation adopted*, 3:20-cv-00705-K, 2020 WL 1940567 (N.D. Tex. Apr. 22, 2020).

Plaintiff's allegations against District Attorney Young fall within the scope of his prosecutorial functions. Specifically, the "decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) ("The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability."). Because District Attorney Young is entitled to prosecutorial immunity, he is immune from suit, and Plaintiff's claims against him fail to state a claim upon which relief may be granted and are frivolous because they lack any basis in law or fact. *See Hale v. Brooks*, No. 4:19-cv-00363-RWS, 2020 WL 619672,

at *1 (E.D. Tex. Feb. 10, 2020); *see also Beasley v. Henderson Cnty.*, No. 6:22-cv-234, 2022 WL 18491896, at *5 (E.D. Tex. Oct. 20, 2022) ("Plaintiff's claim for damages against the Henderson County District Attorney fails to state a claim upon which relief may be granted because it is barred by prosecutorial immunity."), *report and recommendation adopted*, No. 6:22-cv-234-JDK-KNM, 2023 WL 424732 (E.D. Tex. Jan. 25, 2023). Therefore, Plaintiff's claim against District Attorney Young in his individual capacity should be dismissed with prejudice.[3]

### 3. Leave to Amend

The Court notes that *pro se* plaintiffs are normally allowed an opportunity to amend their complaint prior to dismissal, however, here, any such amendment would be futile. *See Toliver v. Ramsey*, No. 4:20-cv-495-SDJ-CAN, 2021 WL 2878549, at *5 n.6 (E.D. Tex. Apr. 13, 2021), *report and recommendation adopted*, No. 4:20-cv-495, 2021 WL 2856839 (E.D. Tex. July 7, 2021); *see also Cruts v. Travis Cnty. Corr. Complex*, No. A-19-cv-1224-RP, 2020 WL 532935, at *5 (W.D. Tex. Feb. 3, 2020) (denying "Plaintiff leave to amend his Amended Complaint, because an amendment would be futile" where claims against district attorney were dismissed based on Eleventh Amendment and prosecutorial immunity); *Hunter v. Schopmeyer*, No. 3:18-cv-1589-D(BH), 2020 WL 908541, at *4 (N.D. Tex. Jan. 31, 2020) (finding that "Plaintiff's motion for leave to amend his complaint should be denied as futile" where attempt to raise new claims against district attorney were barred by prosecutorial immunity), *report and recommendation adopted*, No. 3:18-cv-1589-D, 2020 WL 905333 (N.D. Tex. Feb. 25, 2020). Because any amendment by

---

[3] Because Plaintiff's claims against District Attorney Young in his individual capacity are barred by prosecutorial immunity, they must be dismissed with prejudice. *See Toliver*, 2021 WL 2878549, at *5 n.6; *see also Arnone v. Syed*, No. 3:17-cv-03027-E, 2020 WL 2085594, at *5 (N.D. Tex. Apr. 30, 2020) ("[A]bsolute prosecutorial immunity protects [the district attorney] from liability and [plaintiff's] claims against [the district attorney] in his individual capacity are dismissed with prejudice."); *Driver v. Houston Police Dep't*, No. CV H-20-3596, 2021 WL 229646, at *1 (S.D. Tex. Jan. 22, 2021) ("[T]he claim must be dismissed with prejudice. Plaintiff's claim against the assistant district attorney is barred by absolute prosecutorial immunity.").

Plaintiff as to District Attorney Young would be futile, the Court need not allow an opportunity to amend. *See Toliver*, 2021 WL 2878549, at *5 n.6.

### C. Strike under 28 U.S.C. § 1915(g)

Under the PLRA, an inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the Court is recommending dismissal of some of Plaintiff's claims in this case as frivolous and for failing to state a claim upon which relief may be granted, it is further recommended that Plaintiff be advised that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and that should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates that he is in imminent danger of serious physical injury.

## IV. RECOMMENDATION

Accordingly, the Court *sua sponte* recommends Plaintiff's claims and lawsuit against Defendants be dismissed, as set forth herein. *See* 28 U.S.C. §§ 1915A and 1915(e). The Court further recommends this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 3rd day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE